UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| CLINTON BURTON, et al. | ) | CIVIL ACTION NO.  2:10-CV-227-WOB |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZWICKER & ASSOCIATES, P.S.C., | ) | |
| | ) | |
| **Defendant** | ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 33, 34 and 36, Plaintiffs submit the following Interrogatories, Requests for Admissions and Requests for Production of Documents to Defendant to be answered within 30 days of service hereof:

Definitions

A.  The term "Defendant" shall refer to Zwicker & Associates, P.S.C., also known as Zwicker & Associates, P.C.

B.  "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

C.  The term "document" is used as defined in Rule 33 of the Federal Rules of Civil Procedure and thus includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery namely, notes, correspondence, communications of any nature; telegrams; memoranda; notebooks of any

character; summaries or records of personal conversations; diaries; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations, agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiation; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, translations of any document; tape recordings; voice mail recordings; records and dictation belts. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.

D. As used herein, "relate to" or "evidence" means, refers to, reflects upon or is in any way logically or factually connected with the matters discussed.

E. The term "relevant time period", unless otherwise indicated, shall refer to the period of January 1, 2007 to the present.

F. If any documents responsive to any request have been lost, mutilated or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

G. If the requested documents are known by Defendant to exist, but are not in the possession of Defendant, its agents or attorneys or any of them, it is requested that Defendant so indicate or produce documents that show the name of the person or entity in whose custody such documents are.

H. If there is no documents in your possession, custody or control which are responsive to a particular request, so state and identify such request.

I.  When referring to a person, "identify" means to name the person and the position he or she occupied at the time referred to by the document or interrogatory in question, and to state whether he or she is still employed by the Defendant and if not, give his or her last known address.

J.  "You" shall refer to Defendant, its counsel and any consultants, experts, investigators, agents or other persons acting on its behalf.

K.  If any documents falling within any description contained in any of the following requests is withheld under claim of privilege or work product, please provide a written list of the withheld documents, including the following information as to each such item:

> (1)  its date,
>
> (2)  the names(s) of the person(s) or other entity(ies) who or which drafted, authored or prepared it;
>
> (3)  its title:
>
> (4)  the name(s) of the person(s) or other entity(ies) to whom it was addressed;
>
> (5)  the name(s) of each person or entity to whom the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed; and
>
> (6)  a statement of the ground or grounds on which each such document is considered to be privileged from production.

L.  In construing this request, the following rules are applicable:

> (1)  The singular shall include the plural, and the plural shall include the singular;
>
> (2)  The masculine, feminine or neuter pronouns shall include all other genders; and

(3)  Each request shall extend to all documents which are or have been in the

possession or subject to the control of the Defendant, its officers, agents or

employees during the relevant time period.

M.  The production requests contained herein shall be deemed to be continuing in nature

and shall include documents herein below described which are discovered after any initial

production of documents in compliance therewith.  Any such documents shall be produced in

accordance with this Request to Produce within thirty (30) days after discovery thereof.

Pursuant to Federal Civil Rule 33, Plaintiffs submit the following Interrogatories to Defendant to

be answered within thirty (30) days of service hereof:

**INTERROGATORY NO. 1:**        State the name, title and position of each person

who was spoken to or provided information to assist in answering these interrogatories and

requests, and for each person state which question or request he or she provided information, his

or her contact information, and the contents of the information from such person.

**ANSWER**:

**INTERROGATORY NO. 2:**        Have any documents and records of Zwicker &

Associates, including but not limited to electronic data, been used or referred to in connection

with the preparation of, or answers to, these interrogatories and requests?  If so, for each such

document or record referred to, state which question or request, the specific identity and title of

the document or record, the name and location of the file in which the document or record was

found and where presently located, and the originator of the document.

4

**ANSWER**:

**INTERROGATORY NO. 3:**        Has Defendant ever taken adverse employment action, including but not limited to oral or written warnings, suspension, and/or termination of employment, directly or indirectly, against any employee for having reported or complained to another employee and/or management employee, of a violation of law?  If so, provide for each such adverse employment action the name and last known address of the person, the date of such adverse employment action; the conduct for which the person was terminated, reprimanded, or otherwise warned; and explain how the conduct or activity was a violation of any applicable personnel policy.

**ANSWER:**

**INTERROGATORY NO. 4:**        Have any other employees of Defendant voluntarily resigned from their job in lieu of, or under threat of, being terminated?  If so, provide for each such former employee who resigned, the name and last known address of the person who resigned; the effective date of such resignation; the conduct, alleged or actual, which led to such resignation; the applicable personnel policy that was violated by the former employee; and explain how such conduct or activity was a violation of such personnel policy.

**ANSWER:**

**INTERROGATORY NO. 5:**        State the names, positions, and current contact information of all persons, officials, or officers having the responsibility for creating, setting, directing or implementing the personnel policies during the period of time each Plaintiff was employed by Defendant.

**ANSWER:**

**INTERROGATORY NO. 6:**        State whether any civil action has been filed within the past five years in any court or administrative agency charging Defendant with sexual harassment, race discrimination, age discrimination, negligent supervision, negligent retention, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress,  wrongful discharge and/or retaliation.  If so, for each such action, state the name of the court or administrative agency in which the action was instituted or is pending, along with the action number; the names of all parties to the action; the nature and substance of the allegations in the complaint; and the disposition of the action or its current status.

**ANSWER:**

**INTERROGATORY NO. 7:**        Please describe any and all complaints and/or investigations pertaining to each Plaintiff during or after his/her term of employment.  For each complaint and/or investigation, please provide the details of the person(s) making the

complaint(s), the nature of the complaint(s) and any and all action(s) taken by management after receiving such complaint(s).

**ANSWER:**

**INTERROGATORY NO. 8:**     Please describe any and all complaints and/or investigations pertaining to Kimberly Wesemann (Caldwell) during or after her term of employment.  For each complaint and/or investigation, please provide the details of the person(s) making the complaint(s), the nature of the complaint(s) and any and all action(s) taken by management after receiving such complaint(s).

**ANSWER:**

**INTERROGATORY NO. 9:**     Please describe any and all complaints and/or investigations pertaining to Sharon Martin during or after her term of employment.  For each complaint and/or investigation, please provide the details of the person(s) making the complaint(s), the nature of the complaint(s) and any and all action(s) taken by management after receiving such complaint(s).

**ANSWER:**

7

**INTERROGATORY NO. 10:**     Please describe any and all complaints and/or investigations pertaining to Mike Koziol during or after his term of employment.  For each complaint and/or investigation, please provide the details of the person(s) making the complaint(s), the nature of the complaint(s) and any and all action(s) taken by management after receiving such complaint(s).

**ANSWER:**

**INTERROGATORY NO. 11:**     Please describe any and all complaints and/or investigations pertaining to Carlo Erna during or after his term of employment.  For each complaint and/or investigation, please provide the details of the person(s) making the complaint(s), the nature of the complaint(s) and any and all action(s) taken by management after receiving such complaint(s).

**ANSWER:**

**INTERROGATORY NO. 12:**     State whether you have policies and/or guidelines for prevention of retaliation in the workplace.  If so, state the name of the person responsible for the development of said policies and/or guidelines.

**ANSWER:**

8

**INTERROGATORY NO. 13:**     Identify each and every individual that you believe has knowledge of facts relating to this case, including, without limitations, the allegations in the Complaint and/or the Answer, and further provide Defendant's understanding of their knowledge.  Include in your response his/her name, business address and telephone number, residential address and telephone number, e-mail addresses, the information that you believe each individual has knowledge of, and the lawyer who represents each such individual, if any.

**ANSWER:**

**INTERROGATORY NO. 14:**     Identify all communications from, to or with an agent, contractor or employee of Defendant concerning the allegations in the Complaint and/or the Answer.

**ANSWER:**

**INTERROGATORY NO. 15:**     Please describe, in detail, how each Plaintiff was told, trained or made aware of any other employees' medical or psychological problems, including but not limited to phobias, illnesses, medical leaves and/or time off of work.

**ANSWER:**

9

**INTERROGATORY NO. 16:**     Identify whether you have obtained a statement from any person concerning the incidents alleged in the Complaint, or alleged in Defendant's Answer or defenses including any response or defense of any of the Plaintiff's claims for unemployment benefits.

**ANSWER**:

**INTERROGATORY NO. 17:**     With respect to the Second and Eighth Affirmative Defenses listed in Defendant's Answer, state with specificity all facts upon which you base your allegations that Defendant's actions are a bar to Plaintiffs' case, including identifying all persons having relevant knowledge of such facts.

**ANSWER**:

**INTERROGATORY NO. 18:**     With respect to the Ninth Affirmative Defense listed in Defendant's Answer, state with specificity all facts, upon which you base your allegations that the "doctrines of waiver, estoppels, laches, and unclean hands" are a bar to Plaintiffs' case, , including identifying all persons having relevant knowledge of such facts.

**ANSWER**:

10

## II.    REQUESTS FOR ADMISSIONS

1.    Please admit that Defendant contacted Plaintiff LaRochelle's references after Plaintiff was separated from employment at Defendant.

**ANSWER:**

2.    Please admit that Kim Wesemann (Caldwell) was investigated by Defendant during her term of employment with Defendant.

**ANSWER:**

3.    Please admit that Clinton Burton, while an employee of Defendant, complained to management regarding Kim Wesemann's (Caldwell) behavior and the working conditions at Defendant's location in Hebron, Kentucky.

**ANSWER:**

4.    Please admit that Clinton Burton, while an employee of Defendant, complained to management regarding Carlo Erna's behavior and the working conditions at Defendant's location in Hebron, Kentucky.

**ANSWER:**

5.     Please admit that Jack Wehr, while an employee of Defendant, complained to management regarding Kim Wesemann's (Caldwell) behavior and the working conditions at Defendant's location in Hebron, Kentucky.

**ANSWER:**

6.     Please admit that Jack Wehr, while an employee of Defendant, reported complaints to management regarding illegal acts of Defendant's employees and/or managers.

**ANSWER:**

7.     Please admit that Teresa Robinson, while an employee of Defendant, reported complaints to management regarding illegal acts of Defendant's employees and/or managers.

**ANSWER:**

8.     Please admit that Sharon Martin, an employee of Defendant, has been accused of racial discrimination during her employment with Zwicker & Associates.

**ANSWER:**

9.     Please admit that Gretta Hoffman, while an employee of Defendant, reported complaints to management regarding illegal acts of Defendant's employees and/or managers.

**ANSWER:**


10.     Please admit that Tammy LaRochelle, while an employee of Defendant, reported complaints to management regarding illegal acts of Defendant's employees and/or managers.

**ANSWER:**


11.     Please admit that Defendant has been accused of racial discrimination at the Zwicker & Associates' Hebron location.

**ANSWER:**


12.     Please admit that Sharon Martin has falsely certified information regarding employees at Zwicker & Associates.

**ANSWER:**


13.     Please admit that Defendant, through its Human Resource Departments, has falsely certified information on the Form I-9 regarding employees at Zwicker & Associates.

**ANSWER:**


13

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents referred to or relied upon in your answers to the preceding Interrogatories, and your responses to the preceding Admissions.

**RESPONSE:**

2.    Please produce any and all documents of all complaints against and/or with Defendant, either internally, with any Court, or with the United States Department of Labor, Equal Employment Opportunity Commission, or any other governmental agency or department charging the Defendant with discrimination of any kind within the relevant time period.

**RESPONSE:**

3.    Please produce any and all documents pertaining to Defendant's sexual harassment policy.

**RESPONSE:**

4.    Please produce all documents pertaining to complaints made regarding Kim Wesemann (Caldwell), Bob Oldham, Sharon Martin, Carlo Erna, Jamie Walker, Mike Koziol, John Twite, Jay Zanini, Janell Duncan, and/or any other employees or managers of Defendant.

**RESPONSE:**

14

5.     Please produce any and all documents that pertain to each Plaintiff's employment with Defendant, including personnel files, attendance files and/or human relations files.

**RESPONSE:**

6.     Please produce any and all documents that pertain to investigations, interviews, inquiries or other actions regarding any complaints against Kim Wesemann (Caldwell).

**RESPONSE:**

7.     Please produce any and all documents that pertain to investigations, interviews, inquiries or other actions regarding any complaints against Carlo Erna.

**RESPONSE:**

8.     Please produce any and all documents, drawings, notes, memos, letters and diaries authored by, referring to, or in any way relating to each Plaintiff, including but not limited to those documents acquired during any and all investigations relating to each Plaintiff.

**RESPONSE:**

9.    Please produce all documents referenced, referred to, or relied on in Defendant's initial disclosures.

**RESPONSE:**


10.    Please produce all documents which relate or pertain to the factual basis for any defense, including, without limitation, any affirmative defense, you assert in this civil action.

**RESPONSE:**


11.    Please produce any and all documents pertaining to Defendant's age discrimination policy.

**RESPONSE:**


12.    Please produce all surveillance movies, photos, notes, memoranda, tape recordings, reports, e-mail messages, or any other documents or things regarding, pertaining or relating to surveillance of Plaintiffs at the direction of Defendant or anyone acting on its behalf.

**RESPONSE:**


13.    Please provide the insurance policies that are in effect and relate to this pending action, including all documents relating thereto that will impact this claim, or the outcome of this claim.

**RESPONSE:**

14.     Please produce the complete employee files for the following: Tedric Harwell, David Parker, Mark Harris, Clyde Perezcastenada, John Johnson, Mike Johnson, Jason McCoy, Jeremy Anglin, Carlo Erna, Mark Jacobs, Kim Wesemann (Caldwell), Sharon Martin, Bob Oldham, and Jay Zanini, including all personnel records, complete employment application, any documents maintained in any "money" file, "private" file, and/or any other separate file kept within Defendant's domain.

**RESPONSE:**

15.     Please produce all documentation regarding the financials of Defendant, specifically those that demonstrate the financial strength of the company.

**RESPONSE:**

Respectfully submitted,

THERESA M. MOHAN (KBA #88734)
ATTORNEYS FOR PLAINTIFF
B. Dahlenburg Bonar, PSC
3611 Decoursey Avenue
Covington, Kentucky 41015
Phone: 859-431-3333

17

_AJS w/permission (TMMohan)_

ANDREW J. SCHIERBERG (KBA #93256)
P.O. Box 657
Independence, Kentucky 41051-0657
(859) 982-9292

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2011 I served a copy of the foregoing bye-mail and regular US mail to:

Jack Gearan, Esq. (Pro Hac Vice)
BURNS & LEVINSON LLP
125 Summer St.
Boston, MA 02110
jgearan@burnslev.com

Hon. Jan M. West
GOLDBERG SIMPSON, LLC
9301 Dayflower St.
Prospect, KY 40059
jan@goldbergsimpson.com

_Theresa M Mohan_

THERESA M. MOHAN